OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS



March 17, 2000

The Honorable Carole Keeton Rylander
Comptroller of Public Accounts
Lyndon B. Johnson Building
111 East 17th Street
Austin, Texas 78711

Opinion No. JC-0196

Re: Whether a county may discontinue its participation in the salary supplementation program established by section 51.702 of the Government Code, and related questions (RQ-0161-JC)

Dear Comptroller Rylander:

You request advice on the salary supplement program for statutory county court-at-law judges established under section 51.702 of the Government Code. You ask specifically whether a county that is participating in this program is permitted under this statute to discontinue collecting court costs and fees in the middle of the program year. We conclude that the applicable statute does not permit a commissioners court to withdraw from the salary supplementation program during the program year. If a county were authorized to discontinue participation in the program during the year, you ask whether the comptroller's office must continue to pay the salary supplement required by section 25.0015 of the Government Code to that county for the remainder of the program year. Because we have concluded that a county may not by statute discontinue participation in the program during the year, we need not address your second question.

Section 51.702 of the Government Code authorizes the commissioners court to impose a $40 filing fee in addition to other fees in each civil case in a statutory county court and an additional court cost of $15 on conviction of a criminal offense in a statutory county court. TEX. GOV'T CODE ANN. § 51.702(a), (b) (Vernon Supp. 2000). This provision, together with certain sections of chapter 25 of the Government Code, establishes a program for raising the salaries of county court-at-law judges to an amount near that earned by a district judge. Tex. Att'y Gen. Op. Nos. JC-0159 (1999) at 1; JC-0158 (1999) at 1; JC-0157 (1999) at 1. Participation in the program is voluntary with each commissioners court. *Ector County v. Hollmann*, 901 S.W.2d 687, 689 (Tex. App.--El Paso 1995, no writ). A commissioners court that chooses to collect the court costs and fees authorized by section 51.702 of the Government Code must pay its county court-at-law judges the salary required by section 25.0005(a) or (e) of the Government Code. *Id.*; Tex. Att'y Gen. Op. Nos. JC-0159 (1999) at 1, JC-0158 (1999) at 1; Tex. Att'y Gen. LO-94-048, at 3. A county opts into the plan by adopting a resolution authorizing collection of the additional fees and costs, and it remains in the plan until it rescinds its resolution. *See* TEX. GOV'T CODE ANN. § 51.702(f)-(h) (Vernon Supp. 2000). The filing fees collected under section 51.702 are sent to the Comptroller for deposit in the judicial fund of the state treasury. *See id.* § 21.006 (Vernon 1988) (judicial fund); *id.* § 51.702(d) (Vernon Supp. 2000). Each county that collects the additional fees and costs receives annually from the state "an

amount equal to $35,000 for each statutory county court judge in the county" who does not engage in the private practice of law and who meets other statutory qualifications. *Id.* § 25.0015(a).

Your question arises because the Dallas County Commissioners Court has attempted to withdraw from the salary supplement program effective October 1, 1999. You inform us that Dallas County has participated in the program since July 1, 1992. Letter from Honorable Carole Keeton Rylander, Comptroller of Public Accounts, to Honorable John Cornyn, Attorney General (Dec. 10, 1999) (on file with Opinion Committee). Your office has been informed that the Dallas County Commissioners Court has passed an order directing the Dallas County Clerk to discontinue the collection of the fees and costs under this program. *Id.* The order is dated October 5, 1999, but indicates that it is to be effective from October 1, 1999. *Id.* The Dallas County Clerk's Office has not collected the costs and fees under the program since this date and has remitted no funds related to this program to your office during this time. Accordingly, you inquire whether a county may withdraw from the salary supplementation program during the program year.

Section 51.702 of the Government Code requires a county to participate in the program for at least twelve months at a time and permits a participating commissioners court to discontinue participation in the program only for a future twelve-month period. Section 51.702 "applies only to fees and costs for a 12-month period beginning July 1" in a county in which the commissioners court:

> (1) adopts a resolution authorizing the fees and costs under this section; and
>
> (2) files the resolution with the comptroller not later than June 1 immediately preceding the first 12-month period during which the fees and costs are to be collected.

TEX. GOV'T CODE. ANN. § 51.702(f) (Vernon Supp. 2000). By adopting a resolution, the county commits itself to collecting the fees and costs for a twelve-month period. The resolution continues "from year to year allowing the county to collect fees and costs under the terms of this section until the resolution is rescinded." *Id.* § 51.702(g). Thus, the county's decision to collect the fees operates for one or more periods of twelve months, until it rescinds the resolution. A commissioners court that wishes to rescind the resolution must submit notice to the comptroller "not later than June 1 preceding the beginning of the first day of the state fiscal year the commissioners court desires to rescind the resolution." *Id.* § 51.702(h). *See* TEX. GOV'T CODE ANN. § 316.071(a) (Vernon 1998) ("state fiscal year" ends on August 31 of each year).

A prior ruling of this office, Attorney General Letter Opinion 94-048, also read section 51.702 as requiring a county to participate in the program for a full year. Letter Opinion 94-048 addressed the 1991 version of section 51.702, which required each county to decide annually whether it wished to participate in the plan. Act of May 27, 1991, 72d Leg., R.S., ch. 746, § 67, 1991 Tex. Gen. Laws 2620, 2637-38; *see Ector County*, 901 S.W.2d at 688, 689; Tex. Att'y Gen.

Op. No. JC-0157 (1999) at 2; Tex. Att'y Gen. LO-94-048, at 2. This office read the prior version of section 51.702 as requiring the county to participate in the program for a full year:

> Under subsection (f), a county may resolve to participate in the program section 51.072 establishes *only for a twelve-month period of time–no more and no less*–which begins on July 1 of every year. . . . [A county that discontinued participation in the program ] may, of course, renew its participation *for any subsequent twelve-month period* beginning July 1 by adopting the appropriate resolution. . . ."

Tex. Att'y Gen. LO-94-048, at 2 (emphasis added). Section 51.702 was amended in 1995 to provide that the resolution continued from year to year until it was rescinded, but nothing in the amendment authorized the county to participate in the program for only part of a year. Act of May 10, 1995, 74th Leg., R.S., ch. 144, § 3, 1995 Tex. Gen. Laws 992, 993 (codified at TEX. GOV'T CODE ANN. § 51.702(g)); *see* Tex. Att'y Gen. Op. No. JC-0159 (1999) at 4 (county could decide at the end of any year to rescind authorization for the additional fees).

A commissioners court may not withdraw in the middle of the program year from participation in the salary supplementation program funded by additional fees and costs collected under section 51.702 of the Government Code. It may rescind its resolution authorizing participation in the program only with respect to a future program year.

You have not raised a constitutional question about section 51.702 of the Government Code and we have thus far addressed your question solely as a matter of statutory construction. We note that questions have been raised about the constitutionality of the additional court costs that may be imposed under section 51.702(b) on conviction of a criminal offense in a statutory county court. *See Caldwell v. Comptroller of Public Accounts*, No. 99-13088 (261st Dist. Ct., Travis County, Tex. Nov. 8, 1999). Because we have dealt only with issues of statutory construction in addressing your request, we must advise you that our conclusions may be modified or overturned by judicial decisions, if any, considering the constitutionality of section 51.702.

## S U M M A R Y

Under section 51.702 of the Government Code, a commissioners court that participates in the salary supplementation program for county court-at-law judges funded by additional fees and costs collected under that provision may not end its participation in the middle of the program year. Section 51.702 contemplates that a commissioners court may rescind its resolution authorizing participation in the program only with respect to a future program year.

Yours very truly,

JOHN CORNYN
Attorney General of Texas


ANDY TAYLOR
First Assistant Attorney General

CLARK KENT ERVIN
Deputy Attorney General - General Counsel

ELIZABETH ROBINSON
Chair, Opinion Committee

Susan L. Garrison
Assistant Attorney General - Opinion Committee